UNITED STATES DISTRICT COURT        **PRIORITY SEND**
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 13-8046-JFW (VBKx)**                    Date:  December 16, 2013

Title:      City of Santa Monica  -v- United States of America, et al.

**PRESENT:**

       HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING DEFENDANTS EX-PARTE APPLICATION FOR AN ORDER ENLARGING TIME TO FILE DEFENDANTS' ANSWER, MOTION, OR OTHERWISE RESPOND TO INITIAL COMPLAINT [12/13/2013; Docket No. 12]

     On December 13, 2013, Defendants United States of America, Federal Aviation Administration, and Michael P. Harris, in his official capacity as Administrator of the Federal Aviation Administration (collectively, "Defendants") filed an Ex-Parte Application for an Order Enlarging Time to File Defendants' Answer, Motion, or Otherwise Respond to Initial Complaint ("Application").  On December 14, 2013, Plaintiff City of Santa Monica ("Plaintiff") filed its Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering the Application and Opposition, and the arguments therein, the Court rules as follows:

     Defendants seek an extension of the deadline to file an answer, motion, or otherwise respond to Plaintiff's Complaint by 44 days, from December 30, 2013 to February 12, 2014.  Pursuant to Federal Rule of Civil Procedure 6(b), the Court may extend the deadline "for good cause."  The Court concludes that Defendants have failed to demonstrate good cause for the requested extension.  Indeed, the United States, its agencies, and officers are already afforded an extended period of sixty days to file a responsive pleading instead of the twenty-one days afforded to private litigants.  *See* Fed. R. Civ. P. 12(a).  Moreover, Plaintiff reasonably offered to stipulate to an extension of the deadline to January 10, 2014, giving Defendants a total of 71 days to respond to the Complaint.   Defendants rejected this offer, but fail to adequately explain why they cannot respond to Plaintiffs' Complaint on or before January 10, 2014.   Given the time-sensitive nature of this action, Defendants' Application for a 44-day extension is **DENIED**.

However, the Court recognizes that Defendants' counsel has professional and personal commitments during the holidays and grants Defendants a brief extension of the deadline to respond to Plaintiff's Complaint. Defendants shall file an answer or motion or otherwise respond to Plaintiff's Complaint on or before **January 10, 2014**.

Notwithstanding this extension and given the time-sensitive nature of this action, the Court reminds the parties that "[c]ounsel shall begin to actively conduct discovery before the Fed. R. Civ. P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery." Standing Order at ¶ 4(b).

IT IS SO ORDERED.