**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 13-8046-JFW (VBKx)** | Date:  September 23, 2016 |

Title:   City of Santa Monica  -v- United States of America, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING KIM DAVIDSON AVIATION, INC. AND BILL'S AIR CENTER, INC.'S MOTION TO INTERVENE [filed 8/30/2016; Docket No. 47]**

On August 30, 2016, Kim Davidson Aviation, Inc. and Bill's Air Center (collectively, "Proposed Intervenors") filed a Motion to Intervene.  On September 12, 2016, Plaintiff City of Santa Monica ("Plaintiff" or "City") filed its Opposition.   Defendants United States of America, Federal Aviation Administration ("FAA"), and Michael P. Huerta (collectively, "Defendants") did not file an Opposition.  On September 19, 2016, Proposed Intervenors filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 3, 2016 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.   FACTUAL AND PROCEDURAL BACKGROUND[1]**

The City brings this action to clear title to the property underlying the Santa Monica Airport ("the Airport Property"), and prevent Defendants "from interfering with the City's fee interest, right to title, and unfettered use of the Airport Property as it sees fit." Complaint at ¶ 4.   Specifically, the City disputes Defendants' claim that, pursuant to a 1948 Instrument of Transfer, the City is required to operate the Santa Monica Airport ("SMO") as an airport in perpetuity.

---

[1] To the extent that the Court has relied on evidence to which the parties have objected, the Court has considered and overruled those objections.  As to the remaining objections, the Court finds that it is unnecessary to rule on those objections because the disputed evidence was not relied on by the Court.

In its Complaint filed on October 31, 2013, the City alleged the following claims for relief: (1) Quiet Title Action under 28 U.S.C. § 2409a; (2) taking in violation of the Fifth Amendment to the United States Constitution; (3) regulatory taking in violation of the Fifth Amendment to the United States Constitution; (4) violation of the Tenth Amendment to the United States Constitution; and (5) violation of the Fifth Amendment to the United States Constitution (Due Process).

On February 13, 2014, the Court granted Defendants' Motion to Dismiss, on the grounds that: (1) the Quiet Title Act Claim was barred by the statute of limitations; (2) the takings claims were premature; and (3) the remaining constitutional claims were not ripe for review.  The City appealed the Court's decision to the Ninth Circuit, arguing that the City's Quiet Title Act claim should not have been dismissed.  The Ninth Circuit reversed the Court's decision, and remanded for further proceedings in this Court.

After remand, on August 9, 2016, Defendants filed their Answer and alleged the following affirmative defenses: (1) statute of limitations; (2) equitable estoppel; (3) ripeness; and (4) failure to state a claim.

Shortly thereafter, Proposed Intervenors filed their Motion to Intervene, along with their Proposed Answer, which is nearly identical to the Defendants' Answer and alleges the same four affirmative defenses. The Proposed Answer merely includes "some additional evidentiary references in the First Affirmative Defense and an enhanced Fourth Affirmative Defense which asserts that the FAA has remedies available to it under the 1948 Instrument of Transfer, in addition to the so-called reverter provision, should the City violate the terms of that agreement, and accordingly that the City improperly has suggested that a ruling in its favor on the reverter clause would extinguish all federal interests in the Airport Property."  Motion to Intervene at 8.

Both Proposed Intervenors are currently holdover tenants at SMO. Proposed Intervenor Bill's Air Center initially entered into a lease with the City on March 28, 1994.  Under that lease, Bill's Air Center was to provide "aircraft maintenance, airframe and power plant maintenance, repair and restoration; aircraft sales and leasing; flight school and training; aircraft charter service; assembly of airplane kits; sale of aircraft parts and related products/merchandise; aircraft store and ancillary office uses."  Bill's Air Center's lease expired on March 31, 2014.  Proposed Intervenor Kim Davidson Aviation, Inc. is an FAA-certified Repair Station and a factory-authorized Cirrus Aircraft service center.  It employs a staff of seven mechanics and technicians, and engages in the servicing, repair and maintenance of a variety of aircraft, both SMO-based, and transient.  It occupies property at the airport under a Space Sharing/Sublease Agreement with Krueger Aviation.  Krueger Aviation's lease expired on June 30, 2015.

Proposed Intervenors argue that they are entitled to intervene as a matter of right, or alternatively, that the Court should allow them to intervene on a permissive basis.

## II.   INTERVENTION AS OF RIGHT

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a), which provides in relevant part:

On timely motion, the court must permit anyone to intervene who . . . claims an

  interest relating to the property or transaction that is the subject of the action, and is
  so situated that disposing of the action may as a practical matter impair or impede
  the movant's ability to protect its interest, unless existing parties adequately
  represent that interest.

Fed. R. Civ. P. 24(a)(2).  Under this rule, a court must permit an applicant to intervene as a matter of right when: "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013).  "Each of these four requirements must be satisfied to support a right to intervene.  While Rule 24 traditionally receives liberal construction in favor of applicants for intervention, it is incumbent on the party seeking to intervene to show that all the requirements for intervention have been met."  *Id*.  "Failure to satisfy any one of the requirements is fatal to the application."  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

  In this case, the Court concludes that Proposed Intervenors have failed to demonstrate that "the existing parties may not adequately represent the applicant's interest."  The Court considers three factors in determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed interenor would offer any necessary elements to the proceeding that other parties would neglect."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

  "The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  However, "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises.  If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation."  *Id.* (internal citations omitted). Moreover, "[t]here is also an assumption of adequacy when the government is acting on behalf of a constituency it represents.  In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the application shares the same interest."  *Id.* (internal citations omitted).

  Proposed Intervenors acknowledge that their interests "are aligned with those of the federal government" and that "there is a presumption that [the government] will adequately represent third-party interests." However, Proposed Intervenors argue that they have overcome that presumption because they also assert a "personal interest" whereas the federal government is concerned with the "big picture,"  i.e., "ensuring that aeronautical operators and business generally have access to SMO, but not the effects of Santa Monica's efforts to close or otherwise restrict access to the airport on specific users and tenants."  *See* Motion to Intervene at 6-7.

  The Court finds that Proposed Intervenors' "personal interest" is insufficient to overcome the presumption that Defendants will adequately represent Proposed Intervenors' interests in this litigation (or in any mediation or settlement conference).  As Proposed Intervenors admit,

Defendants share an interest in keeping SMO open *and* ensuring that aeronautical operators and businesses, such as Proposed Intervenors, have access to SMO.  Defendants' "public" interest is aligned with Proposed Intervenors' "private" or "personal" interest, and Proposed Intervenors have failed to identify any meaningful difference between those interests.

The Court's conclusion is further supported by Proposed Intervenors' Proposed Answer, which is virtually identical to Defendants' Answer.  Indeed, much of their Proposed Answer merely copies Defendants' Proposed Answer word for word, and simply substitutes in "Intervenors" for "Defendants".  The only real substantive difference between Defendants' Answer and Proposed Intervenors' Proposed Answer is that Proposed Intervenors include "some additional evidentiary references in the First Affirmative Defense and an *enhanced* Fourth Affirmative Defense which asserts that the FAA has remedies available to it under the 1948 Instrument of Transfer in addition to the so-called reverter provision," and thus that "Santa Monica has requested relief that far exceeds the scope of its actual claim."  Motion to Intervene at 8 (emphasis added); Proposed Answer at ¶ 37.  As Proposed Intervenors recognize, their Fourth Affirmative Defense is merely an "enhanced" version of Defendants' Fourth Affirmative Defense for "failure to state a claim."[2]  Although Proposed Intervenors include an additional *argument* in their Fourth Affirmative Defense, there is nothing precluding Defendants from raising that argument and there is nothing to suggest that Defendants will not raise that argument.

Accordingly, because the Court concludes that Proposed Intervenors have failed to rebut the presumption that Defendants will adequately represent their interests, Proposed Intervenors' Motion to Intervene as of right is denied.

### III.   PERMISSIVE INTERVENTION

Alternatively, Proposed Intervenors seek to intervene on a permissive basis. Under Federal Rule of Civil Procedure 24(b), a court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  "[P]ermissive intervention 'requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'"  *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (*quoting Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).  "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention."  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  *See* Fed. R. Civ. P. 24(b)(3).  "[T]he court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties."  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

The Court concludes that allowing Proposed Intervenors to intervene will likely delay this action and prejudice the City.  Indeed, as is evident from Proposed Intervenors' Motion to

---

[2]In fact, "failure to state a claim" is not an affirmative defense.  *See, e.g., Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

Intervene, Proposed Intervenors will inject issues and facts that are not relevant to the legal questions presented by the City's Complaint.  *See* Motion to Intervene at 7:11-14 ("Intervenors would present to this Court a take on the issues that the federal government may not -- *i.e.,* that the terms of the 1948 deed at issue are not merely an academic exercise but would have real consequences for businesses . . . -- consequences that are best addressed by Intervenors.").  At the bare minimum, they will present duplicative arguments, which still may result in a delay in these proceedings as well as added expense to the City.  Although Proposed Intervenors state that they "anticipate no separate discovery or motions," not only may that anticipation ultimately prove incorrect, this statement highlights that their interests will be adequately protected by the existing Defendants.

Given the unity of interests between Defendants and Proposed Intervenors, the Court concludes that any potential value that might be added by Proposed Intervenors' participation in this lawsuit is more than outweighed by the potential for delay.  Accordingly, Proposed Intervenors' Motion to Intervene on a permissive basis is denied.

## IV. CONCLUSION

For the foregoing reasons, Proposed Intervenors' Motion to Intervene is **DENIED**.

.

IT IS SO ORDERED.